**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5648-16T1

MORRIS VIEW HEALTHCARE
CENTER,

     Appellant,

v.

DEPARTMENT OF HUMAN
SERVICES, DIVISION OF
AGING SERVICES,

     Respondent.

_____

Argued February 4, 2019 – Decided March 5, 2019

Before Judges Messano, Fasciale and Gooden Brown.

On appeal from the New Jersey Department of Human Services, Division of Aging Services.

Dennis F. Driscoll argued the cause for appellant (Inglesino, Webster, Wyciskala & Taylor, LLC, attorneys; Lisa D. Taylor, Justin A. Marchetta, and Joseph M. Franck, of counsel and on the briefs).

Arundhati Mohankumar, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa,

Assistant Attorney General, of counsel; Gregory J. Sullivan and Arundhati Mohankumar, Deputy Attorneys General, on the brief).

PER CURIAM

Morris View Healthcare Center (Morris View) appeals from a June 28, 2017 decision by the Department of Human Services (DHS), Division of Aging Services, denying its requests for a hearing and a stay. Morris View sought the hearing to contest a June 7, 2017 rate letter revising and recalculating Medicaid rates, and it requested that DHS stay the ordered recoupment and downward adjustment of its reimbursement pending the hearing. DHS initially refused to conduct the hearing stating:

> Morris View's appeal of these rates is proceeding in the Office of Administrative Law (OAL) under docket number DAS 12245-2016 N.[1] The rates referenced in the notices and your letter were revised specifically in the context of the pending appeal in response to records produced by Morris View during the discovery process. Since the matter is already before the OAL, . . . Morris View's request for a formal hearing is denied.

---

[1] Morris View Nursing Home v. Department of Human Services, Division of Aging, DAS 12245-16 (the OAL initial action). In August 2018, an administrative law judge (ALJ) inactivated the OAL initial action pending this appeal.

After denying the request for a stay, DHS advised Morris View that recoupment would begin on August 17, 2017, and continue monthly until it repaid the amount owed. But in its merits brief, DHS requests that we "transmit the June 2017 decision for a hearing."

On appeal, Morris View maintains its position that a hearing is required. It contends, however, that the issues pertaining to the June 2017 revised and recalculated Medicaid rates are not part of the OAL initial action. It argues that the June 2017 Medicaid rates are unrelated to a 2006 acuity audit, which Morris View contends is the subject of the OAL initial action. Nevertheless, Morris View focuses on the 2006 acuity audit and asserts that it is invalid for procedural and substantive reasons.

We conclude that remanding to the OAL will resolve this appeal and, as DHS contends, avoid any further delay in the "full and final resolution of Morris View's reimbursement rate." As the ALJ stated when she inactivated the OAL initial action,

> both the OAL [initial action] and the Appellate Division case concern modifications made to the same Medicaid reimbursement rates based on the same acuity audit. The [June 7, 2017] letter[,] which led to the Appellate Division case[,] was an update to those rates based on additional documentation obtained in the course of discovery. Finally, both cases now involve the validity of the acuity audit as a core issue.

A-5648-16T1

Morris View correctly points out that the Appellate Division may remand in lieu of invalidating the acuity audit. Morris View is also correct that the [OAL initial action] includes additional challenges to the validity of the acuity audit. However, Morris View cannot know for certain what the Appellate Division will decide[,] and cannot reasonably suggest that the validity of the audit has little likelihood of being addressed[,] after substantially briefing the issue before the Appellate Division. Indeed, Morris View makes the exact same argument in its second motion for summary decision before the OAL. If the Appellate Division does precisely what Morris View explicitly asks – invalidating the 2006 acuity audit – there would be no need to rehash the issue here.

[(footnotes omitted).]

Adjudication of the validity of the acuity audit, and related issues, is best performed by the ALJ in the first instance.

We therefore dismiss this appeal without prejudice. We remand the matter to the OAL, direct the ALJ to consolidate this case with the OAL initial action, and instruct the ALJ to adjudicate all pending issues. After the parties have exhausted their administrative remedies, and if warranted, they may appeal from a more fully developed record.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5648-16T1